UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PARADISE HOGAN, on behalf of himself and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) C.A. No. |
| SPAR GROUP, INC.; SPAR BUSINESS SERVICES, INC.; | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff Paradise Hogan (the "Plaintiff" and/or "Hogan"), individually and on behalf of himself and all other similarly situated persons, seeks to recover damages from the Defendants SPAR Group, Inc. ("SPAR") and/or SPAR Business Services, Inc. ("SBS") (collectively, the "Defendants") for their unlawful classification of him and other individuals whom they employed as "merchandisers" and/or "assemblers" as independent contractors, rather than employees. In support of his class action complaint, the Plaintiff states as follows:

**PARTIES**

1. The Plaintiff Hogan is an adult individual residing in Lynn, Massachusetts.

2. The Defendant SPAR is a foreign corporation with a principal place of business located at 333 Westchester Avenue, South Building, Suite 204, White Plains, New York 10604.

3. The Defendant SBS is a foreign corporation with a principal place of business located at 7711 N. Military Trail, Ste. 1000, West Palm Beach, FL 33410.

## JURISDICTION

4. Original subject matter jurisdiction in this Court is proper and founded upon 28 U.S.C. § 1331 as this matter involves a federal question that arises under the Constitution, laws, or treaties of the United States, namely, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.

5. Subject matter jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1332 as all members of this litigation are "diverse" in their citizenship as they are all citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. The Plaintiff asserts his FLSA claims on behalf of himself, and all other similarly situated individuals, whom the Defendants employed and/or employs in Massachusetts and throughout the United States as in-store merchandisers and intentionally misclassified as independent contractors and who may elect to opt into this action pursuant to 29 U.S.C. § 216(b).

7. Pendent jurisdiction of the Plaintiff's state law class claims under Massachusetts General Laws c. 149, §§ 148, 148B, 150 is founded upon 28 U.S.C. § 1367. The Plaintiff's Massachusetts state law class claims arise from a nucleus of operative fact that is common with the Plaintiff's FLSA claims.

8. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the Plaintiff asserts his Massachusetts state law class claims on behalf of himself and all other similarly situated individuals whom the Defendants employed and/or employs throughout Massachusetts as "merchandisers" and/or "assemblers" and intentionally misclassified as independent contractors.

9. Venue in the District of Massachusetts is proper and founded upon 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the Plaintiff's class claims occurred in this judicial district.

10. In compliance with M.G.L. c. 149, § 150, a Non-Payment of Wages and Workplace Complaint Form was filed for the Plaintiff with the Massachusetts Office of the Attorney General prior to initiating this litigation.

## FACTS

11. SPAR is a retail services company and it provides merchandising and field marketing services to retailers.

12. SBS is subsidiary or sub-corporation of SPAR.

13. As a subsidiary or sub-corporation of SPAR, SBS functions as SPAR's agent and operates a retail services company that provides merchandising and assembly services to retailers.

14. In their usual course of business, the Defendants offer various retail services to retailers that include, without limitation, in-store merchandising, merchandising, and/or new store set-up or remodeling.

15. The Defendants use the same website to market their services.

16. The Defendants describe themselves on their website as the "world's leader in retail merchandising and field marketing services."

17. The Defendants also state on their website that "retail merchandising is at the core of everything [they] do."

18. According to the website, the Defendants provide their retail services to "a variety of retail channels in the U.S., including the grocery, drug, big box, discount/dollar, office supercenter, warehouse/club, specialty, pet, department and convenience/gas channels."

19. When a retailer engages the Defendants' retail services, the Defendants provide personnel to the retailer to fulfill the retailer's particular merchandising and/or assembly needs.

20. The personnel whom the Defendants assign to retailers that engage the Defendants' retail services are known as "merchandisers" and/or "assemblers."

21. At all relevant times, the services that the Defendants' "merchandisers" and "assemblers" provide to the Defendants' retailer clients are precisely the same services that the Defendants are in the business of providing to retailers and thus an integral part of the Defendants' business.

22. The Defendants direct their "merchandisers" and "assemblers" to report to their retailer clients to fulfill the particular merchandising and/or assembly projects of the retailer clients on an as needed basis.

23. Specifically, the Defendants direct their "merchandisers" and "assemblers" to perform merchandising and assembly services for specific retailers at specific locations, on specific dates, and during specific times.

24. At all times during their employment with the Defendants, the Defendants' "merchandisers" and "assemblers" are economically dependent on the Defendants to provide them with projects and/or retail services assignments.

25. Prior to each retail services job that the Defendants assign their "merchandisers" and "assemblers" to fulfill, the Defendants identify particular "specifications and requirements"

that their "merchandisers" and "assemblers" need to meet and/or complete to successfully perform the particular job.

26. The Defendants provide their "merchandisers" and "assemblers" with floor plans, diagrams, and/or schematics that they are required to follow and/or complete for each retail services assignment that the Defendants direct them to fulfill.

27. The Defendants' "merchandisers" and/or "assemblers" do not exercise any form of managerial or supervisory skill during the performance of their duties for the Defendants.

28. The the Defendants' "merchandisers" or "assemblers" are not required to make any investments in facilities or equipment to perform their duties as directed by the Defendants.

29. The performance of the retail services that the Defendants' "merchandisers" and "assemblers" provide does not require specialized skills, certifications, formal training, or academic degrees.

30. Indeed, the Defendants have minimal standards for applicants when hiring an individual as a "merchandiser" or "assembler."

31. The Defendants' standards for new applicants include but are not limited to: "Merchandising and/or Assembly experience, reliable transportation, access, multi-tasking ability, organizational skills, and a positive attitude in a fastpaced [sic] environment."

32. The Defendants intentionally and knowingly classify their "merchandisers" and "assemblers" as independent contractors – not employees.

33. The Defendants issue an annual Form 1099 to their "merchandisers" and "assemblers" and do not pay or contribute to any portion of their taxes and instead, improperly pass these costs along to the workers.

34. The Defendants require that "merchandisers" and "assemblers" pay expenses that they incur during their performance of the assignments that the Defendants direct them to complete.

35. The Defendants do not reimburse their "merchandisers" and "assemblers" for travel expenses that they incur during their performance of the assignments that the Defendants direct them to complete.

36. The Defendants do not compensate their "merchandisers" and "assemblers" for their travel time when they are performing the assignments that the Defendants direct them to complete.

37. The Defendants require that their "merchandisers" and "assemblers" pay for general liability and worker's compensation insurance.

38. The Defendants do not pay and/or contribute to general liability and worker's compensation insurance for their "merchandisers" and "assemblers."

39. The Defendants intentionally and knowingly misclassify their "merchandisers" and "assemblers" as independent contractors to avoid paying them all of the wages and benefits that they would be entitled to receive if the Defendants classified their "merchandisers" and "assemblers" as employees.

40. The Defendants hired the Plaintiff in or about May 2015 as a "merchandiser."

41. At all times during his employment with the Defendants, the Plaintiff performed retail services for the Defendants' retailer clients in Massachusetts as directed by the Defendants.

42. Prior to commencing his employment, the Defendants required that the Plaintiff execute a document entitled, "Independent Contractor Master Agreement" (the "Agreement").

43. Upon information and belief, the Defendants require that all individuals execute the Agreement prior to commencing their employment with the Defendants.

44. The Defendants drafted all of the terms of the Agreement and did not negotiate any terms of the Agreement with the Plaintiff.

45. Upon information and belief, the Defendants draft all of the terms of the Agreement for each individual whom they hire as a "merchandiser" and/or "assembler" and do not negotiate the terms of the Agreement with any individual whom they hire as a "merchandiser" and/or "assembler."

46. The Defendants determined the manner, method, and amount of compensation for the Plaintiff and did not negotiate any terms of compensation with the Plaintiff.

47. Upon information and belief, the Defendants determine the manner, method, and amount of compensation for each individual whom they hire as a "merchandiser" and/or "assembler" and do not negotiate any terms of compensation with any individual whom they hire as a "merchandiser" and/or "assembler."

48. Pursuant to the terms of the Agreement, the Defendants classified the Plaintiff as an independent contractor and subjected him to the same terms and conditions of employment as their other "merchandisers" and "assemblers."

## COUNT I
VIOLATION OF 29 U.S.C. §§ 201 *et seq.*

49. The Plaintiff re-alleges and incorporates paragraphs 1 through 48 above as if fully set forth herein.

50. The Plaintiff asserts Count I on behalf of himself and all other individuals whom the Defendants have employed in the United States as "merchandisers" and/or "assemblers" at any time within the maximum statutory period.

51. The Defendants are retail services companies.

52. In their usual course of business, the Defendants provide retail services related to merchandising, field marketing, and assembly to retailers.

53. The Defendants employ individuals as "merchandisers" and/or "assemblers" and assign these individuals to perform retail services for the Defendants' retailer clients.

54. The Defendants employed the Plaintiff as a "merchandiser" and directed him to provide retail services to the Defendants' retailer clients.

55. At all times, the services that the Plaintiff and other "merchandisers" and "assemblers" perform are an integral part of the Defendants' usual course of business – i.e. providing retail services to their retailer clients.

56. The Defendants intentionally and knowingly misclassify the Plaintiff and their other "merchandisers" and "assemblers" as independent contractors to avoid paying them all of the wages and benefits that they would be entitled to receive if the Defendants had properly classified them as employees.

57. By classifying the Plaintiff and their other "merchandisers" and "assemblers" as independent contractors, the Defendants failed to pay them all of the wages and benefits that they would be entitled to receive if the Defendants had properly classified them as employees.

58. The conduct described above constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

59. As a direct result of the Defendants' intentional and knowing conduct, the Plaintiff and the Defendants' other "merchandisers" and "assemblers" have suffered damages in the form of unpaid wages and benefits in an amount to be determined at trial.

# **COUNT II**
VIOLATIONS OF M.G.L. c. 149, §§ 148, 148B, 150

60. The Plaintiff re-alleges and incorporates paragraphs 1 through 59 above as if fully set forth herein.

61. The Plaintiff asserts Count II on behalf of himself and all other individuals whom the Defendants have employed in Massachusetts as "merchandisers" and/or "assemblers" at any time within the three (3) years preceding the filing date of this action.

62. The Defendants are retail services companies.

63. In their usual course of business, the Defendants provide retail services related to merchandising, field marketing, and assembly to retailers.

64. The Defendants employ individuals as "merchandisers" and/or "assemblers" and assign these individuals to perform retail services for the Defendants' retailer clients.

65. The Defendants employed the Plaintiff as a "merchandiser" and directed him to provide retail services to the Defendants' retailer clients.

66. At all times, the services that the Plaintiff and other "merchandisers" and "assemblers" perform are an integral part of the Defendants' usual course of business – i.e. providing retail services to their retailer clients.

67. The Defendants intentionally and knowingly misclassify the Plaintiff and their other "merchandisers" and "assemblers" as independent contractors to avoid paying them all of the wages and benefits that they would be entitled to receive if the Defendants had properly classified them as employees.

68. By misclassifying the Plaintiff and their other "merchandisers" and "assemblers" as independent contractors, the Defendants failed to pay them all of the wages and benefits that

they would be entitled to receive if the Defendants had properly, and lawfully, classified them as employees.

69. As a direct consequence of the Defendants' intentional and knowing conduct, the Plaintiff and the Defendants' other "merchandisers" and "assemblers" have suffered damages in the form of unpaid wages and benefits in an amount to be determined.

## COUNT III
### BREACH OF CONTRACT

70. The Plaintiff re-alleges and reincorporates paragraphs 1 through 69 above as if fully set forth herein.

71. The Plaintiff asserts Count III on behalf of himself and all other individuals whom the Defendants have employed in the United States as "merchandisers" and/or "assemblers" at any time within the maximum statutory period.

72. Pursuant to the Agreement, the Plaintiff and the Defendants' other "merchandisers" and "assemblers" agreed to provide retail services for the Defendants and the Defendants agreed to fully compensate them for their services.

73. Despite the terms of the Agreement, the Plaintiff and the Defendants' other "merchandisers" and "assemblers" performed retail services for the Defendants but the Defendants failed to fully compensate them for their services.

74. As a direct result of the Defendants' intentional and knowing conduct, the Plaintiff and the Defendants' other "merchandisers" and "assemblers" have suffered damages in the form of unpaid wages and benefits in an amount to be determined at trial.

## COUNT IV
### UNJUST ENRICHMENT

75. The Plaintiff re-alleges and reincorporates paragraphs 1 through 74 above as if fully set forth herein.

76. The Plaintiff asserts Count IV on behalf of himself and all other individuals whom the Defendants have employed in the United States as "merchandisers" and/or "assemblers" at any time within the maximum statutory period.

77. As described above, the Plaintiff and the Defendants' other "merchandisers" and "assemblers" performed retail services for the Defendants based on their representation that they would provide full and fair compensation in the form of all wages and benefits that the Plaintiff and the Defendants' other "merchandisers" and "assemblers" were entitled to receive under the law and/or the Agreement in exchange for their services.

78. Despite receiving the benefit of the retail services performed by the Plaintiff and the Defendants' other "merchandisers" and "assemblers," the Defendants failed to fully pay them all of the wages and benefits that they were entitled to receive.

79. As a direct consequence of the Defendants' intentional and knowing conduct, the Plaintiff and the Defendants' other "merchandisers" and "assemblers" have suffered damages in the form of unpaid wages and benefits in an amount to be determined at trial.

### COUNT V
### QUANTUM MERUIT

80. The Plaintiff re-alleges and reincorporates paragraphs 1 through 79 above as if fully set forth herein.

81. The Plaintiff asserts Count V on behalf of himself and all other individuals whom the Defendants have employed in the United States as "merchandisers" and/or "assemblers" at any time within the maximum statutory period.

82. As described above, the Plaintiff and the Defendants' other "merchandisers" and "assemblers" performed retail services for the Defendants based on their representation that they would provide full and fair compensation in the form of all wages and benefits that the Plaintiff and the Defendants' other "merchandisers" and "assemblers" were entitled to receive under the law and/or the Agreement in exchange for their services.

83. Despite receiving the benefit of the retail services performed by the Plaintiff and the Defendants' other "merchandisers" and "assemblers," the Defendants failed to fully pay them all of the wages and benefits that they were entitled to receive.

84. As a direct result of the Defendants' intentional and knowing conduct, the Plaintiff and the Defendants' other "merchandisers" and "assemblers" have suffered damages in the form of unpaid wages and benefits in an amount to be determined at trial.

### COUNT VI
BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

85. The Plaintiff re-alleges and reincorporates paragraphs 1 through 84 above as if fully set forth herein.

86. The Plaintiff asserts Count VI on behalf of himself and all other individuals whom the Defendants have employed in the United States as "merchandisers" and/or "assemblers" at any time within the maximum statutory period.

87. As described above, the Plaintiff and the Plaintiff and the Defendants' other "merchandisers" and "assemblers" performed retail services for the Defendants based on their representation that they would provide full and fair compensation in the form of all wages and benefits that the Plaintiff and the Defendants' other "merchandisers" and "assemblers" were entitled to receive under the law and/or the Agreement in exchange for their services.

88. Despite receiving the benefit of the retail services performed by the Plaintiff and the Defendants' other "merchandisers" and "assemblers," the Defendants breached the covenant of good faith and fair dealing implicit within the Agreement when they failed to fully pay the Plaintiff and the Defendants' other "merchandisers" and "assemblers" all of the wages and benefits that they were entitled to receive.

89. As a direct result of the Defendants' intentional and knowing conduct, the Plaintiff and the Defendants' other "merchandisers" and "assemblers" have suffered damages in the form of unpaid wages and benefits in an amount to be determined at trial.

## **PRAYERS FOR RELIEF**

WHEREFORE, the Plaintiff Paradise Hogan demands a trial by jury on all issues so triable and prays that this Honorable Court:

i. Enter judgment on Count I, and award double damages, attorneys' fees, costs, and interest in an amount to be determined;

ii. Enter judgment on Count II, and award treble damages, attorneys' fees, costs, and interest in an amount to be determined;

iii. Enter judgment on Counts III-VI, and award damages in an amount to be determined;

iv. All other relief that this Honorable Court deems just and proper.

Respectfully submitted,

Paradise Hogan

By his attorneys,

/s/ Brook S. Lane
Brook S. Lane BBO #678742
John P. Regan, Jr.  BBO #684326
Regan Lane LLP
43 Bowdoin Street, Ste. A
Boston, MA 02114

Dated: January 6, 2017

T: (857) 277-0902
F. (857) 233-5287
blane@reganlane.com
jregan@reganlane.com