UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PARADISE HOGAN, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>SPAR GROUP, INC.; SPAR BUSINESS SERVICES, INC.;<br><br>  Defendants. | C.A. No. 1:17-cv-10024-LTS |

**PLAINTIFF'S FIRST AMENDED
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff Paradise Hogan (the "Plaintiff" and/or "Hogan"), individually and on behalf of himself and all other similarly situated persons, seeks to recover damages from the Defendants SPAR Group, Inc. ("SPAR") and/or SPAR Business Services, Inc. ("SBS") (collectively, the "Defendants") for classifying him and other individuals who they engaged in Massachusetts as "merchandisers" and/or "assemblers" – i.e. "Field Specialists" – as independent contractors – not employees. In support of his class action complaint, the Plaintiff states as follows:

**PARTIES**

1.  The Plaintiff Hogan is an adult individual residing in Lynn, Massachusetts.

2.  The Defendant SPAR is a foreign corporation with a principal place of business located at 333 Westchester Avenue, South Building, Suite 204, White Plains, New York 10604.

3.  The Defendant SBS is a foreign corporation with a principal place of business located at 7711 N. Military Trail, Ste. 1000, West Palm Beach, FL 33410.

1

## JURISDICTION

4.     Pursuant to 28 U.S.C. § 1332, this Court has subject-matter jurisdiction over the state law class claims that the Plaintiff has asserted under Massachusetts General Laws c. 149, §§ 148, 148B, 150 on behalf of himself, and all other similarly situated individuals who SBS and SPAR engaged as in-store "merchandisers" and/or "assemblers" – i.e. "Field Specialists" – in Massachusetts during three (3) years preceding the filing date of the complaint through the present as all members of this litigation are citizens of different states and, thereby "diverse" in their citizenship and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5.     Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the Plaintiff asserts his Massachusetts state law class claims on behalf of himself and all other similarly situated individuals who SBS and SPAR engaged in Massachusetts as Field Specialists and intentionally treated as independent contractors.

6.     Venue in the District of Massachusetts is proper and founded upon 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the Plaintiff's class claims occurred in this judicial district.

7.     In compliance with M.G.L. c. 149, § 150, a Non-Payment of Wages and Workplace Complaint Form was filed for the Plaintiff with the Massachusetts Office of the Attorney General prior to initiating this litigation.

## FACTS

8. SPAR is a retail services company and is in the business of providing merchandising and field marketing services to retailers.

9. SBS is a retailer services staffing company and is in the business of providing personnel to various companies, such as SPAR, who perform field merchandising, auditing, and assembly services for the companies' retailer clients.

10. SBS is an affiliate of SPAR but is not a subsidiary of or controlled by SPAR and is not included in SPAR's consolidated financial statements.

11. SBS is owned by Mr. Robert G. Brown, founder, director, Chairman and a significant stockholder of SPAR, and Mr. William H. Bartels, founder, director, Vice Chairman and a significant stockholder of SPAR.

12. SPAR executes the services it provides to its domestic clients through independent field merchandising, auditing, assembly and other field personnel – each a "Field Specialist" – substantially all of whom are provided by, an affiliate to SPAR.

13. SBS classifies the Field Specialists that it provides to SPAR as independent contractors.

14. At all relevant times, the Field Specialists who SBS provides to SPAR perform precisely the same retail services for SPAR's retailer clients that SPAR is in the business of providing to retailers and thus the Field Specialists perform an integral part of SPAR's business.

15. SPAR directs the Field Specialists to report to its retailer clients and fulfill the particular merchandising and/or assembly projects of the retailer clients on an as needed basis.

16.     Specifically, the SPAR directs the Field Specialists to perform merchandising and assembly services for specific retailers at specific locations, on specific dates, and during specific times.

17.     At all times during their employment with SBS and SPAR, the Field Specialists are economically dependent on SBS and SPAR to provide them with projects and/or retail services assignments.

18.     Prior to each retail services job that SPAR assigns Field Specialists to fulfill, SPAR identifies particular "specifications and requirements" that the Field Specialists need to meet and/or complete to successfully perform the particular job.

19.     SPAR provides Field Specialists with floor plans, diagrams, and/or schematics that they are required to follow and/or complete for each retail services assignment that SPAR directs them to fulfill.

20.     The Field Specialists do not exercise any form of managerial or supervisory skill during the performance of their duties for SPAR.

21.     The Field Specialists are not required to make any investments in facilities or equipment to perform the projects that SPAR assigns to them.

22.     The performance of the retail services that the Field Specialists provide to SPAR do not require specialized skills, certifications, formal training, or academic degrees.

23.     The standards that an individuals must meet to work for SPAR as a Field Specialist are minimal and include, without limitation: merchandising and/or assembly experience, reliable transportation, access, multi-tasking ability, organizational skills, and a positive attitude in a fast paced environment.

4

24. SPAR intentionally and knowingly utilizes the services of SBS's Field Specialists specifically because they are classified as independent contractors – not employees.

25. SPAR believes that its business model of executing its services through independent contractors provided by others is inherently less costly than doing so with employees, both under applicable tax and employment laws and otherwise.

26. SBS issues an annual Form 1099 to the Field Specialists that it provides to SPAR and does not pay or contribute to any portion of their taxes and instead, improperly pass these costs along to the Field Specialists.

27. The Plaintiff and other Field Specialists that provide services to SPAR are required to pay any/all expenses that they incur while performing the jobs that SPAR directs them to complete.

28. Neither SBS nor SPAR reimburses the Plaintiff or other Field Specialists for any expenses that they incur during their performance of the assignments that SPAR directs them to complete.

29. Neither SBS nor SPAR reimburses the Plaintiff or other Field Specialists for travel expenses that they incur during their performance of the assignments that SPAR directs them to complete.

30. Neither SBS nor SPAR compensate the Plaintiff or other Field Specialists for their travel time when they are performing the assignments that SPAR directs them to complete.

31. SBS requires that the Plaintiff and other Field Specialists pay for general liability and worker's compensation insurance.

32. Neither SBS nor SPAR pay and/or contribute to general liability and worker's compensation insurance for the Plaintiff or other Field Specialists.

33. SBS assigned the Plaintiff to perform services for SPAR as a Field Specialist in or about May 2015.

34. SBS and SPAR classified or treated the Plaintiff as an independent contractor at all times he performed services for SPAR.

35. At all times during his employment with SBS and SPAR, the Plaintiff performed retail services for SPAR's retailer clients in Massachusetts as directed by SPAR.

36. Prior to commencing his employment with SBS and SPAR, SBS required that the Plaintiff execute a document entitled, "Independent Contractor Master Agreement" (the "Agreement").

37. Upon information and belief, SBS requires that all individuals execute the Agreement prior to commencing their employment with SBS or SPAR.

38. SBS drafted all of the terms of the Agreement and did not negotiate any terms of the Agreement with the Plaintiff.

39. Upon information and belief, SBS drafts all of the terms of the Agreement for each individual whom it assigned to perform services for SPAR and does not negotiate the terms of the Agreement with any individual whom they hire as a Field Specialist.

40. When the Plaintiff performed retail services for SPAR, SBS or SPAR determined the manner, method, and amount of compensation for the Plaintiff and did not negotiate any terms of compensation with the Plaintiff.

41. SBS and SPAR subjected the Plaintiff to the same terms and conditions of employment as other Field Specialists who performed services for SPAR.

42. The Plaintiff earned minimum wage as his regular hourly rate when he performed services as a Field Specialist for SBS and SPAR.

43. By requiring that the Plaintiff or other Field Specialists to pay or incur the costs enumerated in Paragraphs 26 to 32 above and not reimbursing them for these costs, SBS and SPAR caused the Plaintiff and other Field Specialists to effectively earn an hourly wage that less than minimum wage.

## COUNT I
### VIOLATIONS OF M.G.L. c. 149, §§ 148, 148B, 150

44. The Plaintiff re-alleges and incorporates paragraphs 1 through 43 above as if fully set forth herein.

45. The Plaintiff asserts Count I on behalf of himself and all other individuals who performed services for SBS as a Field Specialist in Massachusetts at any time within the three (3) years preceding the filing date of this action to the present.

46. SBS is a retailer services staffing company and is in the business of providing personnel – i.e. Field Specialists – to various companies, such as SPAR, who perform field merchandising, auditing, and assembly services for the companies' clients.

47. SBS engaged the Plaintiff as a Field Specialist and directed him to provide retail services for SPAR.

48. At all times, the services that the Plaintiff and Field Specialists perform are an integral part of SBS' usual course of business – i.e. the provision of personnel to companies who perform retail services for the companies' retailer clients.

49. SBS required that the Plaintiff and other Field Specialists incur various costs and expenses in the performance of the jobs that they are assigned to perform and does not reimburse them for these costs and expenses.

50. By failing to reimburse the Plaintiff and other Field Specialists who pay these costs and expenses, SBS causes these individuals to lose wages and/or earn an hourly rate that is effectively less than minimum wage.

51. As a direct consequence of SBS' employment practices and policies regarding Field Specialists, the Plaintiff and other Field Specialists have suffered damages in the form of unpaid wages and benefits in an amount to be determined.

## COUNT II
### VIOLATIONS OF M.G.L. c. 149, §§ 148, 148B, 150

52. The Plaintiff re-alleges and incorporates paragraphs 1 through 51 above as if fully set forth herein.

53. The Plaintiff asserts Count II on behalf of himself and all other individuals whom performed services for SPAR as Field Specialist in Massachusetts at any time within the three (3) years preceding the filing date of this action to the present.

54. SPAR is a retail services company and is in the business of providing merchandising and field marketing services to retailers.

55. SPAR intentionally and knowingly utilizes the services of SBS's Field Specialists to execute its services to its retailer clients specifically because they are classified as independent contractors – not employees.

56. SPAR engaged the Plaintiff and other individuals as Field Specialists and directed them to provide merchandising services to its retailer clients.

57. At all times, the services that the Plaintiff and other Field Specialists perform for SPAR are an integral part of SPAR's usual course of business – i.e. providing retail services to retailer clients.

58. SPAR does not reimburse the Plaintiff and other Field Specialists for any costs and expenses that they incur when performing retail services for SPAR's retailer clients.

59. By failing to reimburse the Plaintiff and other Field Specialists who pay these costs and expenses, SPAR causes these individuals to lose wages and/or earn an hourly rate that is effectively less than minimum wage.

60. As a direct consequence of SPAR's employments practice and policy of utilizing Field Specialists because they are independent contractors – not employees, the Plaintiff and other Field Specialists have suffered damages in the form of unpaid wages and benefits in an amount to be determined.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff Paradise Hogan demands a trial by jury on all issues so triable and prays that this Honorable Court:

i. Enter judgment on Counts I - II, and award treble damages, attorneys' fees, costs, and interest in an amount to be determined;

ii. All other relief that this Honorable Court deems just and proper.

Respectfully submitted,

Paradise Hogan

By his attorneys,

/s/ Brook S. Lane
Brook S. Lane BBO #678742
John P. Regan, Jr.  BBO #684326
Regan Lane LLP
43 Bowdoin Street, Ste. A
Boston, MA 02114
T: (857) 277-0902
F. (857) 233-5287
blane@reganlane.com
jregan@reganlane.com

Dated: May 2, 2017