UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
PARADISE HOGAN, on behalf of himself )
and all others similarly situated,  )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )    C.A. No. 1:17-cv-10024-LTS
                                    )
SPAR GROUP, INC.; SPAR              )
BUSINESS SERVICES, INC.;            )
                                    )
    Defendants.                     )
_____)

**ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

    This matter came before the Court for hearing on October 10, 2019, following Plaintiffs' Assented-To Motion for Final Approval of Class Action Settlement (the "Motion for Final Approval"). Following hearing on the Motion for Final Approval, and the Court having considered all papers filed and proceedings had herein, and having reviewed the record in the above captioned matter,

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

    1.    This Court has jurisdiction over the subject matter of this proceeding and all parties in this proceeding, including all members of the Settlement Class (as defined below).

    2.    The Court finds that the settlement memorialized in the Settlement Agreement and Release of Claims ("Settlement") is fair, reasonable and adequate under Fed. R. Civ. P. 23 and meets all requirements for final approval. The Court hereby finally and unconditionally approves and gives effect to the Settlement in its entirety. The Court finds that the terms and provisions of the Settlement have been entered into in good faith and are in the best interest of

the Settlement Class and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Rules of the Court, due process, and any other applicable law.

3. To the extent any funds remain in the dispute fund that will be established per the terms of the Settlement Agreement, this Court orders that they be distributed on a pro rata basis as part of the second (and final) distribution described in the Settlement Agreement that the settlement fund administrator will make to Eligible Class Members.

4. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), the Court approves the content and distribution of the Notice & Claim Form, which is attached to the Plaintiff's Assented-to Motion for Final Approval as Exhibit 2. The Court finds that the content and distribution of such documents complied with Fed. R. Civ. P. 23 and due process.

5. Pursuant to Fed. R. Civ. P. 23(h)(3), the Court makes the following findings of fact and legal conclusions in connection with Class Counsel's request for fees and costs. The "common-fund" doctrine allows counsel to draw a reasonable fee as a percentage of the fund created by a settlement for the benefit of the class. *Boeing Co. v. VanGemert*, 444 U.S. 472, 478 (1980). As the First Circuit held, the "percentage of fund" approach offers distinctive advantages including: (1) it is less burdensome to administer; (2) it reduces the possibility of collateral disputes; (3) it enhances the efficiency throughout the litigation; (4) it is less taxing on judicial resources; and (5) it better approximates the workings of the marketplace. *In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 307 (1st Cir. 1995). For these reasons, the "use of the [percentage of fund] method in common fund cases is the prevailing praxis." *Id*. Indeed, there is a "clear consensus among federal and state courts" that the percentage of fund approach is the more efficient, better reasoned, and effective method. *See, e.g., Archbold v. Wells Fargo Bank, N.A.*, 2015 U.S.Dist.LEXIS 92855, at *11 (S.D.W.Va. July 13, 2015) (citing a

"clear consensus among federal and state courts…that the award of attorneys' fees in common fund cases should be based on a percentage of the recovery" because "the percentage of fund approach is the better-reasoned and more equitable method of determining attorneys' fees in such cases.").

Multiple considerations support approval of the requested award of fees and costs. First, the Settlement provides for a substantial award of money for the benefit of over numerous members of the Settlement Class. Second, no member of the Settlement Class objected to the proposed award of fees and costs. Third, class counsel demonstrated resourcefulness, skill, efficiency, and determination in this case. *See In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 85-89 (D. Mass. 2005) (citing factors). Finally, Class Counsel has incurred out-of-pocket expenses in the amount of $2,755.

6. Settlement funds, totaling two-hundred and fifty-thousand dollars ($250,000.00), shall be distributed in accordance with the Settlement Agreement, which is attached to Plaintiff's Assented-to Motion for Final Approval as Exhibit 1.

7. Without affecting the finality of this Order, the Court retains jurisdiction over this action and the parties to administer, supervise, interpret, and enforce the Settlement and this Order. Class Counsel shall notify the Court when all settlement funds have been distributed.

8. This case and all released claims are otherwise dismissed on the merits, with prejudice, and with each party to bear its own costs, except as otherwise set forth in this Order.

IT IS SO ORDERED.

Dated: October 15, 2019

Leo T. Sorokin
UNITED STATES DISTRICT JUDGE
DISTRICT OF MASSACHUSETTS

3